IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT V. GUNDERSON, JR. and ANNE D. GUNDERSON,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MAUNA KEA PROPERTIES, INC., a Hawaii corporation; and MAUNA KEA DEVELOPMENT CORP., a Hawaii corporation,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>    vs.<br><br>COUNTY OF HAWAII,<br><br>    Third-Party Defendant. | ) CIVIL NO. 08-00533 KSC<br>)<br>) ORDER DENYING PLAINTIFFS'<br>) MOTION FOR RECONSIDERATION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

      Before the Court is Plaintiffs Robert and Anne Gunderson's ("Plaintiffs") Motion for Reconsideration of Order 1) Denying Plaintiffs' Motion for Partial Summary Judgment Against Defendants as to Count I of Plaintiffs' Complaint; 2) Granting Defendants/Third-Party Plaintiffs' Motion for Partial Summary Judgment Based Upon County of Hawaii's Authority and the Declaration of Protective Covenants, Conditions and Restrictions for The [Bluffs at Mauna Kea]; 3) Granting Defendants/Third-Party Plaintiffs' Motion for Partial Summary Judgment Regarding the Ala Kahakai National Historic Trail; and 4) Deeming Moot Third-Party Defendants' Motion to Dismiss, or in the Alternative, Motion for

Summary Judgment ("Motion"), filed August 2, 2010.  On August 16, 2010, Defendants Mauna Kea Properties, Inc. ("MKP") and Mauna Kea Development Corp. ("MKDC") (collectively "Defendants") filed their Opposition.  On August 30, 2010, Plaintiffs filed a Reply.

This matter is suitable for disposition without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Motion and the supporting and opposing memoranda, the Court HEREBY DENIES the Motion for the reasons set forth below.

BACKGROUND

As the Court and the parties are familiar with the facts of this case, the Court need not restate them here.  A detailed recitation of the facts may be found in the Court's Order 1) Denying Plaintiffs' Motion for Partial Summary Judgment Against Defendants as to Count I of Plaintiffs' Complaint; 2) Granting Defendants/Third-Party Plaintiffs' Motion for Partial Summary Judgment Based Upon County of Hawaii's Authority and the Declaration of Protective Covenants, Conditions and Restrictions for The [Bluffs at Mauna Kea]; 3) Granting Defendants/Third-Party Plaintiffs' Motion for Partial Summary Judgment Regarding the Ala Kahakai National Historic Trail; and 4) Deeming Moot Third-Party Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("SJ Order"), filed July 19, 2010, which

2

Plaintiffs request the Court reconsider.  See Doc. No. 141.

## DISCUSSION

Plaintiffs move for reconsideration pursuant to Rules 60(b)(6) and 59(e) of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 60.1, on the grounds that they have newly discovered material facts not previously available, and the Court committed manifest error of law and fact.  Motions for reconsideration may be brought pursuant to FRCP 59(e) or 60(b).  A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court:  1) is presented with newly discovered evidence; 2) has committed clear error; or 3) if there is an intervening change in the controlling law.  389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  A Rule 59(e) motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  Indeed "[a] district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration."  Novato Fire Prot. Dist. v. United States, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999).

FRCP 60(b)(6) allows a court to grant relief from judgment for "any other reason justifying relief from the

operation of the judgment." Fed. R. Civ. P. 60(b)(6).

Local Rule 60.1 has implemented the federal standard for

reconsideration, providing three grounds for reconsideration of

interlocutory orders:

> (a) Discovery of new material facts not previously
>     available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.

Local Rule 60.1. Motions for reconsideration under Local Rule

60.1(c) "must be filed and served not more than fourteen (14)

days after the court's written order is filed." <u>Id.</u>

The Ninth Circuit requires that a successful motion for

reconsideration accomplish two goals. "First, a motion for

reconsideration must demonstrate some reason why the Court should

reconsider its prior decision. Second, the motion must set forth

facts or law of a 'strongly convincing' nature to induce the

court to reverse its prior decision." <u>Jacob v. United States</u>,

128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing <u>Decker Coal Co.</u>

<u>v. Hartman</u>, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation

omitted). Mere disagreement with a court's analysis in a

previous order is not a sufficient basis for reconsideration.

<u>White v. Sabatino</u>, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006)

(citing <u>Leong v. Hilton Hotels Corp.</u>, 689 F. Supp. 1572 (D. Haw.

1988)); <u>Haw. Stevedores, Inc. v. HT & T Co.</u>, 363 F. Supp. 2d

1253, 1269 (D. Haw. 2005). "Whether or not to grant

reconsideration is committed to the sound discretion of the

4

court."  <u>Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing <u>Kona Enters.</u>, 229 F.3d at 890).

At the outset, the Court notes that the majority of Plaintiffs' arguments rest upon a misunderstanding of the SJ Order.  In some instances, Plaintiffs even grossly misconstrue the SJ Order.  The thrust of the SJ Order is that the County of Hawaii is vested with the authority to relocate the trail, and that it had a valid basis for doing so.  The remainder of the SJ Order merely sets forth alternative bases for the dismissal of Plaintiffs' claims against Defendants and/or the denial of Plaintiffs' motion for partial summary judgment.  As is evident from the lengthy, 76 page SJ Order, the Court carefully and thoroughly analyzed the issues and evidence presented and briefed.  Accordingly, the Court will not reiterate its detailed analysis of the pertinent issues.

The present Motion is largely dedicated to alleging that the Court committed manifest error of law.  Plaintiffs additionally seek reconsideration on the basis of "newly discovered" evidence and law, and a change in the law.  However, Plaintiffs merely reassert arguments already considered and rejected by the Court and present arguments and evidence that could have been raised earlier in the litigation.  Consequently, Plaintiffs have failed to set forth any legitimate basis for

reconsideration.

I.   Manifest Error of Law and Fact

      Plaintiffs argue that the Court committed manifest error of law and fact with respect to a number of issues in the SJ Order.  The Court addresses each in turn.

    A.   The Court Properly Applied the Summary Judgment Standard of Review

      Plaintiffs first take issue with the Court's application of the standard of review, accusing the Court of ruling on the credibility of witnesses and drawing inferences in favor of Defendants and the County.  This argument is without merit.  All of the parties filed dispositive motions, and many of the arguments presented in the motions overlapped.  Plaintiffs having filed a motion for partial summary judgment, which addressed many of the arguments presented in Defendants' motions for partial summary judgment, the Court was entitled to draw some inferences in favor of Defendants.  Plaintiffs' speculation that the Court only drew inferences in favor of Defendants and the County cannot serve as a basis for reconsideration, particularly when Plaintiffs are incorrect.  Where necessary and appropriate, the Court drew inferences in Plaintiffs' favor, whether expressly stated in the SJ Order or not.  Even if all inferences were drawn in Plaintiffs' favor, Plaintiffs simply failed to sustain their burden and they are not entitled to relief as a matter of law.

B.    The Court did not Err in Declining to Make a
      Determination Regarding the Relative Safety of the Pre-
      2007 Trail and the Current Trail

Plaintiffs next argue that the Court manifestly erred

by failing to make a determination about the safety of the new

trail and by misinterpreting and rejecting Dr. Kwong's expert

opinions.[1]  These arguments are wholly without merit.  The Court

determined that former Planning Director Yuen had the authority

to move the trail to ensure the safety and welfare of the public,

and found that "the evidence clearly demonstrates that concerns

about the safety of the trail compelled former Director Yuen to

order the relocation of the segment fronting Lot 8."  SJ Order at

34.  The Court stands by this determination.  Even drawing all

inferences in favor of Plaintiffs, the evidence overwhelmingly

demonstrates that safety issues with the trail compelled the

County to order its relocation.  Plaintiffs fail to understand

that the safety of the current trail is not dispositive or

relevant to the foregoing determination.[2]  Thus, although Dr.

---

[1]  The Court never rejected Dr. Kwong's opinions.  By so
arguing, Plaintiffs contradict themselves, as they simultaneously
argue that the Court misstated Dr. Kwong's testimony by noting
that 1) Dr. Kwong confirmed the potential safety hazard
identified by the County and 2) Dr. Kwong acknowledged the
creation of an easier trail would require modifications to the
old trail.  The Court clearly did not reject Dr. Kwong's
opinions, as it interpreted Dr. Kwong's report to be supportive
of the County's concerns about safety.

[2]  It is for this reason that the Court decided, and
maintains, that it need not evaluate which trail is safer.

Kwong's opinions, as presented in connection with Plaintiffs'
motion for partial summary judgment, tended to be consistent with
the County's concerns about fall hazards along the trail, his
opinions as "clarified" in his Declaration attached to this
Motion would not induce the Court to reverse its prior decision.

First, because the comparative safety of the pre-2007
trail and the current trail (as assessed in October 2008) have no
bearing on whether safety concerns drove Director Yuen to order
relocation of the trail, Dr. Kwong's opinions regarding the same
are irrelevant.[3]  Second, the opinions contained in Dr. Kwong's
most recent Declaration must be disregarded as untimely.
Plaintiffs may not use a Rule 59(e) motion for reconsideration to
raise arguments or present evidence that could reasonably have

---

[3]  While the Court does not refute Dr. Kwong's opinion that
the old trail is safer than the new trail, common sense dictates
that a fall on the old trail, which is narrow and along the edge
of a drop-off, would likely cause greater injury than a slip and
fall along an inland trail due to slope and loose sand and
gravel.  Plaintiffs take issue with the Court's reliance on its
own lay opinion recognizing the potential hazards of the pre-2007
trail.  If Plaintiffs read the SJ Order carefully, the Court's
ruling did not turn on the Court's observations made during the
site visit.  Rather, the testimony of former Director Yuen and
Planning Director Leithead-Todd and known instances of injury and
death along Lot 29, bolstered by Dr. Kwong's report, led the
Court to find that safety concerns compelled Director Yuen to
order Defendants to relocate the trail.  SJ Order at 34-40.  Even
if the Court reconsidered the SJ Order in view of Dr. Kwong's
latest Declaration, the Court's decision would be the same.  Dr.
Kwong's opinions do not create a genuine issue of material fact
or undermine the testimony of former Director Yuen and Planning
Director Leithead-Todd.

been raised earlier in the litigation.  Plaintiffs had ample

opportunity to present the opinions set forth in Dr. Kwong's

current Declaration to the Court, but they failed to do so.  Dr.

Kwong did not previously opine that the old trail is safer than

the new trail.  Plaintiffs attack the SJ Order for

misinterpreting Dr. Kwong's opinions when the opinions expressed

in his current Declaration were not before the Court prior to the

issuance of the SJ Order.  Compare Pls.' CSF, Decl. of James

Kwong with Mot., Decl. of James Kwong ("Kwong Decl.").

    Third, although Plaintiffs argue otherwise, the Court

did not misstate Dr. Kwong's report.  The report plainly states

that a potential fall hazard exists[4] along the old trail and that

"an easier hiking trail can be formed to provide a wider set back

from the near vertical rock face by relocating the trail at this

location 3 to 4 feet northeast or away form [sic] the shoreline,

---

[4]  Dr. Kwong disagrees with the Court's interpretation of
his report and omission of a portion of his sentence concerning
the safety of the old trail.  Mot., Kwong Decl. at ¶ 18.  The
meaning of the sentence is the same, whether fully quoted or not,
for the purposes of the Court's analysis.  Dr. Kwong's opinion is
that a fall hazard exists.  It does not matter that it might only
pertain to users not paying attention to the trail condition or
keeping on the trail at the subject location.  Just because Dr.
Kwong, an "expert" in trail safety and stability, has no problem
walking along the old trail, does not mean that the average trail
user (primarily tourists and hotel guests) would not experience
challenges and/or a fall.  The critical fact here is that Dr.
Kwong acknowledged the existence of a potential fall hazard,
which was the very concern that compelled the County to order the
relocation of the trail.  SJ Order at 34-37.

and closer to the center line of the designated trail easement."[5]
See Pls.' CSF, Ex. 29 at 3-4.  If that is not the evidence
Plaintiffs wanted to present to the Court, they should not have
included it, they should have ensured that the report stood for
the propositions for which it was cited, and/or they should have
made certain that Dr. Kwong's declaration submitted in connection
with the motion for partial summary judgment expressed the
opinions now before the Court.  An expert's role is not to
respond to a court order by "clarifying" the opinions set forth
in his/her report because a party is dissatisfied with the

---

[5]  Plaintiffs again contradict themselves.  They accuse the
Court of erroneously stating that Dr. Kwong acknowledged that the
creation of an easier trail would require modifications to the
old trail.  Yet Dr. Kwong bolstered the Court's interpretation of
his report in his current Declaration, stating that "I
**recommended slight alterations** to the old trail that would make
it more passable . . . In my professional opinion, **the
alterations would make the trail in this area more safely and
easily traversable than either the old trail in its present
condition** or the new trail."  Mot., Kwong Decl. at ¶ 16 (emphases
added).  This is precisely the proposition for which the Court
cited Dr. Kwong's report.  Even while attempting to discredit the
Court's interpretation in his current Declaration, Dr. Kwong
again acknowledges that the safety of the trail would improve
with alterations.  See id. ¶ 20 (disputing the Court's
interpretation of his report and opining that "the proposed
alterations would improve the trail considerably, and are so
minor that it makes no sense not to make those alterations.  Even
without the proposed alterations, however, the closed trail
section along the cliff is much less prone to slippage and
falling risks than the new trail section").  That Dr. Kwong
believes that the old trail without alterations is safer than the
new trail is inconsequential, given the Court's determination
that the comparative safety of the trails is not germane to
whether safety concerns compelled the relocation of the trail.
Furthermore, as already discussed, the Declaration is untimely.

court's ruling and seeks reconsideration of the same.  In any

event, neither an "accurate interpretation" of Dr. Kwong's report

nor his "clarified" opinions are of a strongly convincing nature

so as to compel the Court to reverse its prior decision.  There

is simply no basis for reconsideration.

      C.    <u>The Court did not Err in Concluding that No Evidence
Existed to Support Plaintiffs' Theory that the Parties
to the Akau Settlement Intended for Easement 3 to
Correspond to the Original/Historic Location of the
Trail</u>

      Plaintiffs believe that the Court manifestly erred by

determining that the evidence did not demonstrate that the

description of Easement 3 was meant to correspond with the

original/historic location of the trail.  Plaintiffs now claim

that newly discovered evidence establishes this intent.  The

Court is not persuaded.  The Court reiterates that the "proper"

location of Easement 3 was a secondary issue, addressed for the

purpose of demonstrating that an alternative basis existed for

denying Plaintiffs' motion for partial summary judgment.

      1.   <u>Aerial Photographs</u>

      The aerial photographs simply do not show the

historical existence of a shoreline trail fronting Lot 8 in the

pre-2007 location, even when viewed in the light most favorable

to Plaintiffs.  As pointed out in the SJ Order

> the one aerial photograph, taken in 1992, that
> clearly presents a trail show the trail fronting
> Lot 8 in a location that is possibly even further

11

> inland than its current position.  Pls.' Reply,
> Ex. 68.  This significantly undermines Plaintiffs'
> contention that because Easement 3 is supposed to
> be the trail's historic location, their relocation
> in 2000 was proper.  The fact that the trail, and
> even multiple trails, crossed over Lot 8 prior to
> the 2000 relocation, demonstrates that the
> location of a single "historic" trail has not
> definitively been established.

SJ Order at 59-60.  The Court <u>closely</u> examined the aerial

photographs, surveys, and other relevant exhibits submitted by

Plaintiffs, and could not conclude that the historic location of

the trail is where Plaintiffs claim it to be.  Because the Court

drew inferences in Plaintiffs' favor, it found that a genuine

issue of material fact existed as to the historic location of the

trail.

       2.   <u>Scrivener's Error/Intent of Parties to Akau
Settlement</u>

Dissatisfied that the Court did not find that the

parties to the Akau settlement intended for the metes and bounds

description to correspond to the pre-2007 trail, Plaintiffs

allege that the Court disbelieved Mr. Gunderson's testimony

without a hearing; disregarded the Hawaii Supreme Court's finding

that the trail existed before the turn of the century; discarded

MKP's archeologist's report stating that the trail was probably

"prehistoric"; ignored the County's statement in 1982 that the

trail would be restored to follow its historic route; and closed

its eyes to the maps, surveys, and photographs of the trail.

Mem. in Supp. of Mot. at 6.  Plaintiffs are advised to re-read
pages 58-61 of the SJ Order.  The Court considered all of the
foregoing evidence, cited all but Mr. Gunderson's testimony, and
found that none of the cited evidence supported Plaintiffs'
argument concerning the "historic" location of the trail fronting
Lot 8.  Drawing inferences in Plaintiffs' favor, the Court found
that <u>at most</u>, the foregoing evidence created a genuine issue of
material fact about the trail's historic location.  SJ Order at
60-61.  Plaintiffs fail to recognize the shortcomings of the
evidence upon which they rely.  The Court does not dispute that a
historic shoreline trail existed along Lot 29.  The evidence
establishes as much.  However, as emphasized in the SJ Order, the
evidence does not show that the historic segment of trail
**<u>fronting Lot 8</u>** followed the routing of the pre-2007 trail, i.e.,
"Gunderson trail."  <u>Id.</u> at 61.

Mr. Gunderson's declaration that a fisherman's trail
along the shore was visible when he considered purchasing Lot 8,
Pls.' Reply, Decl. of Robert Gunderson at ¶ 3, does not speak to
the Akau parties' intentions in 1982, nor remotely establish or
verify the location of trail fronting Lot 8 around the time the
Akau settlement was entered into.  Dr. Rosendahl's report noted
the existence of a historic trail that likely followed the route
of an older, probably prehistoric trail, but said nothing about
whether the portion of trail fronting Lot 8 hugged the shoreline.

13

Pls.' CSF, Ex. 5; SJ Order at 60.

The Akau v. Olohana court noted that the two trails in issue ran parallel to the beach, have existed before the turn of the century, and the Kamehameha Trail "is at most points very close to the water and at others about 100 yards away." 65 Haw. 383, 385, 652 P.2d 1130, 1132 (1982). The Court acknowledged the Akau court's finding that the trails existed since before the turn of the century. SJ Order at 60. However, that a trail existed since before the turn of the century along Lot 29 does not lend support to Plaintiffs' contention that the parties to the Akau settlement intended for the metes and bounds description of Easement 3 to follow the historic trail or that the historic location of the trail fronting Lot 8 was the same as the pre-2007 location.

The Court did not ignore the County's 1982 statement concerning the routing of the trail. Rather, the Court cited the statement to which Plaintiffs refer, but did not misconstrue/misrepresent it, as Plaintiffs have. SJ Order at 27. Plaintiffs continue to argue that Easement 3 is the "historic location", i.e., pre-2007 location, even after the Court rejected this argument. Id. at 27 n.11; 59-61. The County never stated that the trail would be restored to its historic location, but that it should be routed in accordance with the Akau settlement. Because this distinction has yet to resonate with Plaintiffs, the

14

Court again emphasizes that Plaintiffs have not established that the metes and bounds description of Easement 3 and the historic location of the trail are one in the same.  SSV No. 614 stated, in pertinent part:

> 2.    The petitioner shall, in consultation with an archeologist on location, **route the specific path in accordance with the final judgment Judge Ernest Kubota of the Third Circuit Court dated October 8, 1981, involving Civil Nos. 3072, 4961, and 5935**, so as to provide minimum impacts to the sites in and along the public access.

Defs.' CSF Re: County Authority, Ex. F (emphasis added).  In fact, SSV No. 614 stated that a trail would be established, not "restored."  Id.  Plaintiffs are not entitled to reconsideration merely because the Court's reasoned interpretation of the evidence is at odds with Plaintiffs' misinterpretation/mischaracterization of the evidence.

    3.    Newly Discovered Evidence

        Plaintiffs have submitted "new" evidence relating to the location of Easement 3:  1) a shoreline survey dated November 24, 1980 by Haruo Shigeoka ("Shigeoka survey") and 2) a map prepared by Ryan Suzuki.  Mot., Exs. 70, 72.  To base a motion for reconsideration on the discovery of new evidence, Plaintiffs are "*obliged* to show not only that this evidence was newly discovered or unknown to [them] until after the hearing, but also that [they] could not with reasonable diligence have discovered

15

and produced such evidence." <u>Frederick S. Wyle Prof'l Corp. v.
Texaco, Inc.</u>, 764 F.2d 604, 609 (9th Cir. 1985) (citations and
quotations omitted); <u>Valvanis v. Milgroom</u>, Civil No. 06-00144
JMS-KSC, 2009 WL 294552, *1 (D. Haw. Feb. 4, 2009) (same); <u>Wallis
v. J.R. Simplot Co.</u>, 26 F.3d 885, 892 n.6 (9th Cir. 1994)
("Evidence is not newly discovered if it was in the party's
possession at the time of summary judgment or could have been
discovered with reasonable diligence." (citation omitted)); <u>Sch.
Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)
("The overwhelming weight of authority is that the failure to
file documents in an original motion or opposition does not turn
the late filed documents into 'newly discovered evidence.'").

Plaintiffs have not sufficiently explained why the
Shigeoka survey was not discovered and submitted before the
hearing on the summary judgment motions.  Mr. Suzuki simply
represents that he discovered the survey on July 22, 2010.  Mot.,
Decl. of Ryan Suzuki ("Suzuki Decl. #2") at ¶ 7.  Mr. Suzuki,
retained as one of Plaintiffs' experts, has been involved in this
case since at least September 2008.  <u>Id.</u> at ¶¶ 3-4.  Mr. Suzuki
also submitted a declaration with Plaintiffs' motion for partial
summary judgment.  <u>Id.</u> at ¶ 4; Pls.' Mot., Decl. of Ryan Suzuki
("Suzuki Decl. #1").  If Plaintiffs had acted with reasonable
diligence, their "newly discovered" evidence could have been
timely discovered, submitted, and considered by the Court.

16

Because the Shigeoka survey is not newly discovered evidence, as contemplated by FRCP 59, the Court declines to consider it. Correspondingly, the Court shall disregard the map created by Mr. Suzuki using the survey and the Shigeoka Easement Drawing, as well as any newly submitted opinions related thereto.

4.   Mr. Suzuki's Opinions

Plaintiffs allege that the Court found that Mr. Suzuki's opinions lacked foundation.  Mem. in Supp. of Mot. at 8. Plaintiffs also assert that the Court raised this argument for the defense.  Plaintiffs are mistaken.  The relevant excerpt from the SJ Order follows:

> Plaintiffs rely on the opinions of one of their experts, Ryan Suzuki, a land surveyor employed by R.M. Towill Corporation, to support their theory. Pls.' CSF, Decl. of Ryan Suzuki at ¶ 8 (The description of Easement 3 "does not necessarily follow the precise location of the physical shoreline trail on the ground as it existed at the time, and so there may have been differences between the survey and the trail").  Mr. Suzuki's statement does not support their theory, nor could any of his opinions.  He is not in a position to speculate about the intention of the parties to the Akau settlement.

SJ Order at 58.  As the aforementioned excerpt clearly demonstrates, the Court never stated that Mr. Suzuki's opinion lacked foundation.  This is <u>not</u> an evidentiary issue, and no such argument was raised on behalf of Defendants.  Mr. Suzuki's opinions, much like the other evidence presented by Plaintiffs, did not support their position.  The Court simply found that his

opinion that there may have been differences between the survey
and trail did not establish 1) the existence of a scrivener's
error or 2) the intention of the parties to the Akau settlement.
As such, Plaintiffs' argument is without merit.

     5.   <u>Easement 3's Location; Akau Settlement</u>

     Plaintiffs lastly contend that the

> Court manifestly erred when it found that the
> parties agreed on a specific alignment
> for Easement 3 that was not a traversable path because
> the parties intended that the described path would
> at some point be made passable (Order at p.57,
> n.26) **and** that the relocation of the trail in 2007
> (away from the agreed alignment) did not
> contravene the Akau agreement because the
> underlying intent was to make a passable trail
> (Order at p.33).

Mem. in Supp. of Mot. at 9.  Plaintiffs maintain that neither
Defendants nor the County raised these arguments.  Defendants in
fact argued that "[n]othing in the Akau Settlement expressly
precludes relocation of the trail for safety reasons.  The <u>Akau</u>
Settlement provides that MKDC is to 'clear the [easements], to
make the **passable for pedestrian traffic**, and [to] maintain them
as nature trails.'"  Defs.' Mem. in Supp. of Mot. Re: County
Authority at 19 (second and third alterations in original);
Defs.' Reply Re: County Authority at 7-9.

     The Court did not err in pointing out the fallacy of
Plaintiffs' argument that the metes and bounds description of
Easement 3 was intended to correspond to the original/historic

location of the trail in part because if said description were

followed, an impassable trail results.  In a <u>footnote</u>, the Court

noted that the

> fact that the metes and bounds description[]
> results in an impassable trail does not necessary
> compel the conclusion that the description is
> erroneous.  The evidence before the Court
> demonstrates that a trail has historically existed
> along parts of Lot 29, but was not evident in all
> areas.  In such instances, Defendants would clear
> and make traversable a path.  Pls.' RCSF
> Re: Trail, Ex. 56.  Such being the case, it
> logically follows that an impassable trail that
> results from the metes and bounds description is
> not indicative of an error, but rather, that the
> parties to the Akau settlement desired a
> particular routing.

SJ Order at 57 n.26.  Relying upon their misconception of the SJ

Order and the evidence, Plaintiffs persist in theorizing that

Easement 3's proper location is the pre-2007 trail location.

Their misconception and erroneous theory cannot serve as a basis

for reconsideration.

As for the latter half of Plaintiffs' argument, the

Court properly found that the 2007 relocation of the trail does

not contravene the intent and purpose of the Akau settlement and

in fact "complies with the SMA and SSV permits and the terms of

the Akau settlement, despite the placement of the trail slightly

mauka of the metes and bounds description set forth therein, by

providing a continuous and passable nature trail along the

shoreline for public use/pedestrian traffic."  SJ Order at 33.

19

Plaintiffs have failed to provide any basis for reconsideration
of this determination, other than their conclusory allegation
that the Court manifestly erred, and they certainly have not
presented evidence of a strongly convincing nature so as to
induce the Court to reverse its prior decision.

D.    The Court did not Preclude Plaintiffs from Challenging
      Director Yuen's Determination that the Old Trail was
      Impassable

Plaintiffs aver that the Court manifestly erred by
precluding their challenge to Director Yuen's determination that
the pre-2007 trail was unsafe, thereby depriving Plaintiffs of
their opportunity to contest the deprivation of their rights.
This argument is absurd.  Plaintiffs were in no way precluded
from challenging Director Yuen's determination.  In fact, they
had a number of briefs within which to do so, and availed
themselves of this opportunity.  The Court cannot be faulted if
Plaintiffs' evidence was and continues to be insufficient to
sustain a challenge to Director Yuen's determination, even
drawing inferences in their favor.  Director Yuen's concerns
about safety were not based on his subjective "feelings."
Plaintiffs ignore the fact that a couple of individuals suffered
injuries and/or died along Lot 29.  Any suggestion that such
incidents, along with the other safety concerns about the trail,

20

would provide no basis for the County's actions, is nonsensical.[6]

What is more, Plaintiffs have failed to identify the "rights" they purport to have been deprived of.  The Court declines to further entertain this meritless argument.

E.   <u>Arguments Already Raised, Considered, and Rejected</u>

Plaintiffs reiterate many of the arguments already raised, considered, and rejected by the Court.  "Reiteration of arguments originally made in support of, or in opposition to, a motion for summary judgment do not provide a valid basis for reconsideration."  <u>Reliance Ins. Co. v. Doctors Co.</u>, 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003).

1.   <u>County Authority</u>

Plaintiffs rehash many of the arguments regarding the Planning Director/County's authority.  <u>See</u> Mem. in Supp. of Mot. at 9-17; 19-22.[7]  Because these issues were extensively briefed, and Plaintiffs have failed to 1) demonstrate any reason why the Court should reconsider its prior decision and/or 2) set forth

---

[6]  Plaintiffs also take issue with Planning Director Leithead-Todd's testimony confirming the County's concerns about the trail's safety.  Mem. in Supp. of Mot. at 18 n.12.  They argue that she has no personal knowledge of the concerns and that her testimony should have been disregarded pursuant to Federal Rule of Evidence 602.  It is axiomatic that if anyone, the Planning Director would have knowledge of the concerns of her predecessor and/or important matters addressed prior to her tenure.

[7]  The new arguments raised pursuant to the CZMA are untimely and will not be considered.

facts or law of a strongly convincing nature to induce the Court to reverse its prior decision, the Court stands by its detailed analysis of the County Authority issue.  SJ Order at 22-40.

Although the Court declines to reconsider its decision concerning the County's authority, several points must be addressed to correct Plaintiffs' erroneous statements/arguments. First, Plaintiffs charge the Court with erroneously concluding that the State does not own the trail.  Mem. in Supp. of Mot. at 10 (citing SJ Order at 66-67).  The Court never made such a statement.  Indeed, the SJ Order states, in pertinent part: "**whether Defendants or the State own the trail is irrelevant**, as neither have taken affirmative steps to subject the portion of the trail at issue to the NTSA."  SJ Order at 67-68 (emphasis added).  The SJ Order further states:  "This is not to say that the State does not have an interest/right-of-way in the trail by way of the Akau settlement.  However, as articulated in the CMP, federal law only applies if there is a proven state **owned** trail that is eligible for the Ala Kahakai National Historic Trail." Id. at 67 n.33.  Even a cursory review of the foregoing demonstrates that Plaintiffs are incorrect.

Second, by again misconstruing and misrepresenting the SJ Order, Plaintiffs submit that the Court erroneously held that Hawaii Revised Statutes ("HRS") Chapter 46 provides the County with the authority to take "actions" related to public safety.

Mem. in Supp. of Mot. at 11.  The Court said no such thing.

Instead, in an explanatory footnote, the Court stated:

> The Court recognizes that this statute deals with
> the enactment of ordinances, which is
> distinguishable from the present issue before the
> Court.  However, the fact that the authority has
> been delegated to the County to enact ordinances
> necessary to protect health, life and property,
> **speaks to its general power to take action**
> **necessary to ensure the safety of**
> **the public.**

SJ Order at 34 n.14 (emphasis added).  The Court recognized the

County's general power to take action necessary to ensure the

safety of the public, not that HRS § 46-1.5 conferred the County

with the authority in this case.  Notably, the Court, although

citing HRS § 46-1.5, intentionally utilized the signal "Cf.,"

because the Court recognized that the "[c]ited authority supports

a proposition different from the main proposition but [was]

sufficiently analogous to lend support."  The Bluebook, a Uniform

System of Citation (19th ed. 2010).

Third, the Court did not find or suggest that SMA 85-

16/85-17 modified or amended SSV 614.

Fourth, Plaintiffs now contend that there is no

evidence in the record identifying the section of trail

referenced in Director Yuen's October 30, 2003 letter.  Once

again, Plaintiffs are improperly using this Motion to raise new

arguments that they could have and should have been raised in

connection with the dispositive motions.  Plaintiffs are not

permitted to present new arguments following their loss at summary judgment.  <u>Reliance</u>, 299 F. Supp. 2d at 1154.  Despite addressing the very issue of whether the County ordered Defendants to relocate the trail in two opposing memoranda, Plaintiffs never challenged that the October 30, 2003 letter did not refer to the section of trail fronting Lot 8.  Pls.' Opp'n Re: County Authority at 7-8; Pls.' Opp'n to County's Mot. at 2. Even if Plaintiffs had timely made this argument, the Court would nevertheless have determined that the County, through Director Yuen, ordered Defendants to relocate the trail.  In quoting from the October 30, 2003, and November 28, 2007 letters, the Court distinguished that the former came as a recommendation, whereas the latter directed Defendants to take action.  SJ Order at 18-19.  The November 28, 2007 letter being the directive, whether the October 30, 2003 letter actually refers to the segment of trail fronting Lot 8 is inconsequential, although it appears it does.

Fifth, the Court did not, as Plaintiffs argue, find that the November 28, 2007 letter constituted an enforcement action, as contemplated by Planning Rule 11-13.  <u>See</u> Mem. in Supp. of Mot. at 15 ("The Court's determination that the November 28, 2007 letter constituted an enforcement action by the Director as to the SMA and SSV permits . . . is belied by the Planning Department's rules.  Pursuant to Planning Department Rule 11-13,

24

the Planning Director institutes an enforcement action by Notice of violation and Order sent to the landowner . . . No such Notice of Violation and Order is in evidence here."). Rather, the Court found that "former Director Yuen's directive to move the trail was within the scope of his authority **to enforce conditions of the applicable SMA and SSV permits**." SJ Order at 31 (emphasis added). This ruling did not characterize former Director Yuen's directive as an "enforcement action," and none of the general enforcement procedures set forth in Planning Department Rule 11-13 are applicable under the circumstances. The Court cited other applicable rules upon which it relied, including Planning Commission Rule 8-13, on page 25 of the SJ Order.[8] Rule 8-13 provides: "The [Planning] Department is responsible for the processing of all variance applications and is also **responsible for the enforcement of all conditions and requirements associated with a variance** issued in accordance with this rule." Planning Commission Rule 8-13 (emphasis added). Accordingly, Plaintiffs' argument is without merit.

Finally, Plaintiffs submit that the Court manifestly erred by concluding, *sua sponte*, "that an amended permit or new

---

[8] The Court also cited a number of rules that vest the Planning Department with the authority to enforce the shoreline setback, including Planning Department Rule 11-12(a), which charges the Planning Department with enforcing Planning Department Rule 11 (dealing with shoreline setback). SJ Order at 24-25.

permit was not necessary to relocate the trail in 2007 because
not all 'changes' made after a permit is issued required such an
amendment." Mem. in Supp. of Mot. at 22.  In response to
Plaintiffs' argument that an amendment to the existing permits
and/or a new permit was required to relocate the trail, the Court
simply cited Planning Department Rule 11-12(b),[9] for the purpose
of illustrating that "[n]ot all changes following the issuance of
permits require an amendment or new permit."  SJ Order at 31.
Thus, the Court did not err, and Plaintiffs have provided no
basis for reconsideration.

   2.   <u>"Agreement" Between the Parties Concerning the
        Trail Location</u>

        Plaintiffs dispute the following holding:  "there is no
genuine issue of material fact that Defendants did not promise
that the trail could never be moved, nor did the parties enter
into an agreement concerning the relocation of the trail."  SJ
Order at 50.  In particular, Plaintiffs take issue with the
Court's reliance on section 16.4 of the sales contract, which
neither party addressed.  The Court did not err in raising the
effect of section 16.4 nor in its analysis of Plaintiffs' claim
that Defendants are bound by an agreement.

_____

   [9]  Plaintiffs erroneously stated that the Court cited
Planning Department Rule 1-12(b).

First, the Court is entitled to consider all evidence before it, and where necessary, to raise arguments, whether or not assisted by the parties' briefs.[10]  Plaintiffs themselves submitted the sales contract containing section 16.4, Pls.' CSF, Ex. 43, and could have submitted arguments concerning this provision.  The Court's authority is not as limited as Plaintiffs believe it to be.  Where, as here, such a plainly evident provision is found within the evidence, and it bears on the issue before the Court, it was not error for the Court to rely upon it.  Second, the Court's determination rested on <u>both</u> section 16.4 <u>and</u> the various communications between the parties.  SJ Order at 49-

---

[10]  The situation here is entirely distinguishable from the cases cited by Plaintiffs in support of their argument that the Court improperly introduced new arguments in favor of Defendants and the County and that they should have been given an opportunity to address and rebut the arguments.  Mem. in Supp. of Mot. at 2.  Plaintiffs cite to <u>Exeter Hospital v. Hall</u>, 629 A.2d 88 (N.H. 1993), for the proposition that it was unfair for the trial court to dismiss the complaint after *sua sponte* raising the defense of statute of limitations without allowing the plaintiff to rebut the defense.  This New Hampshire Supreme Court case is neither binding nor persuasive authority.  Moreover, a statute of limitations defense is affirmative, and is waived if not raised by a defendant in the answer.  <u>In re Adbox, Inc.</u>, 488 F.3d 836, 842 n.2 (9th Cir. 2007) (citing FRCP 8, which lists statute of limitations as an affirmative defense that is waived if not pled in the answer).  Likewise, Plaintiffs' reliance on <u>Arizona v. California</u>, 530 U.S. 392 (2000), is misplaced, as res judicata is also an affirmative defense.  Even so, the Supreme Court acknowledged that in special circumstances, preclusion may be raised *sua sponte*.  <u>Id.</u> at 412.  Here, the Court did not dismiss Plaintiffs' Complaint based on an affirmative defense, nor did the Court raise any defense on Defendants' behalf.

50.  Therefore, even if one were to disregard the Court's discussion of section 16.4, there still exists a sufficient basis to find that Defendants were not bound by any agreement concerning the relocation of the trail.[11]

Neither will the Court reconsider its decision based on Plaintiffs' newly raised equitable estoppel and promissory estoppel arguments.  Plaintiffs are not permitted to present new arguments following their loss at summary judgment.  <u>Reliance</u>, 299 F. Supp. 2d at 1154.  Not only should Plaintiffs have raised these arguments earlier, but they could not obtain the relief sought when they themselves relocated the trail to a location makai of Easement 3.[12]  As discussed at length in the SJ Order, putting aside the fact that the County had the authority to order the relocation of the trail, Plaintiffs could not have prevailed on their motion for partial summary judgment because there exists a genuine issue of material fact about whether Plaintiffs acted with "unclean hands."  SJ Order at 50-62.

---

[11]  Plaintiffs continue to ignore the glaring issue of how their 2000 relocation of the trail to a position makai of Easement 3 would not violate an "agreement" between the parties that the trail should be relocated to Easement 3, assuming an agreement existed, and given that Easement 3's proper location is not the pre-2007 location.

[12]  Because Plaintiffs have difficulty accepting the Court's ruling on this matter, the Court reemphasizes that the location of Easement 3 and the pre-2007 trail fronting Lot 8 are not one in the same.

3.   <u>CCRs</u>

Plaintiffs are displeased with the Court's determination that the CCRs do not authorize Plaintiffs to seek relief against Defendants.  However, their disagreement with the SJ Order does not provide them with a basis for reconsideration. Even if the Court were to entertain Plaintiffs' arguments, the Court would not reverse its prior decision.  Plaintiffs cannot obtain an injunction given the issues of fact about whether they acted with "unclean hands."  If Defendants' mauka relocation of the trail violated the CCRs, then so too did Plaintiffs' makai relocation of the trail.  Plaintiffs have yet to reconcile or address this contradiction.

4.   <u>National Trails System Act</u>

Plaintiffs merely rehash the same arguments with respect to the NTSA.  The Court has already rejected Plaintiffs' position and stands by its decision.  SJ Order at 62-70.

5.   <u>Implied Easement</u>

Plaintiffs argue that the Court manifestly erred by dismissing their Complaint without considering their claim for an implied easement.  Plaintiffs had the opportunity to address this argument in their briefing, and should have done so, given that Defendants sought dismissal of Plaintiffs' claims as a matter of law.  The Court did not err by failing to consider this claim when Plaintiffs did not raise or brief the claim.  <u>Reliance</u>, 299

F. Supp. 2d at 1154 ("A motion for reconsideration is not a proper mechanism for presenting new legal theories that the movant failed to raise with respect to the underlying motion for summary judgment."). Plaintiffs waived their implied easement claim by failing to address it, and it cannot now serve as a basis for reconsideration. Id.

Plaintiffs further argue that the Court erred by dismissing the Complaint when they are entitled to injunctive relief due to Defendants' interference with the easement by implication. Plaintiffs did not demonstrate success on the merits and were not and are not entitled to injunctive relief. Even the ruling most favorable to them - that a genuine issue of material fact exists with respect to whether Plaintiffs acted with "unclean hands" - precludes them from obtaining injunctive relief.

6.    Construction of Trail Within Easement 3

Plaintiffs assert that the Court erred by failing to issue an injunction requiring Defendants to comply with the Akau settlement and SSV No. 614 and construct the trail within Easement 3. The Court disagrees. The Court found that the 2007 relocation of the trail was consistent with the permits and the Akau settlement, despite the fact that the relocated trail is mauka of Easement 3. SJ Order at 33. Consequently, there was and is no reason to order Defendants to relocate the trail to

30

Easement 3.

In accordance with the foregoing, the Court did not commit manifest error of law or fact and Plaintiffs are not entitled to reconsideration on that basis.

II. Purported Change in the Law

Plaintiffs also seek reconsideration based on what they characterize as a change in the law.  Plaintiffs proffer that reconsideration is appropriate in light of the Hawaii Supreme Court's decision in County of Hawaii v. Ala Loop Homeowners, No. 27707, __ P.3d __, 2010 WL 2723261 (Haw. July 9, 2010).[13]  The Court disagrees.  The Hawaii Supreme Court issued the Ala Loop decision prior to both the July 13, 2010 hearing date and the July 19, 2010 issuance of the SJ Order.  It accordingly does not constitute an intervening change in the law for the purpose of reconsideration.  Plaintiffs had an opportunity to bring this decision to the Court's attention at any time between July 9, 2010, and July 19, 2010, but they failed to do so.  As a result, Ala Loop provides no basis for reconsideration.

Of significance, although Plaintiffs rely on Ala Loop for the proposition that they may bring a private cause of action to enforce HRS Chapter 205A, given the Ala Loop court's recognition of a private cause of action under HRS Chapter 205,

---

[13]  Plaintiffs incorrectly cited to 2010 WL 289287.

31

they have not moved to amend the scheduling order or their
Complaint to assert such a claim.  The deadline for amending the
Complaint has long passed, expiring on March 27, 2009.  Rule 16
Scheduling Order, Doc. No. 20; Amended Rule 16 Scheduling Order,
id. at 67 (reflecting that the deadline to file motions to add
parties/amend pleadings is closed).

Even if Plaintiffs had taken the necessary steps to
assert this claim and had timely raised the argument, the Court
would not reconsider the SJ Order based on Ala Loop because it is
inapplicable.  Chapter 205 is entitled "Land Use Commission," and
is irrelevant to the County's authority in the present case.
Plaintiffs posit that the Hawaii Supreme Court implicitly
recognized the private right of enforcement of the CZMA (Chapter
205A), and characterize their interpretation as a "change in
controlling law."  Mem. in Supp. of Mot. at 23.  The Court is not
persuaded and declines to adopt Plaintiffs' broad and misplaced
reading of Ala Loop.  Moreover, as pointed out by Defendants, a
private right of enforcement is already provided for in Chapter
205A.  Haw. Rev. Stat. § 205A-6.[14]  Thus, Ala Loop is neither

---

[14]   HRS § 205A-6 provides, in pertinent part:

any person or agency may commence a civil action
alleging that any agency:

(1) Is not in compliance with one or more of the
objectives, policies, and guidelines provided or
authorized by this chapter within the special

32

applicable nor does it represent a change in the relevant law, and the Court declines to reconsider the SJ Order on this basis.

III. "Newly Discovered" Law

Finally, Plaintiffs argue that newly discovered Planning Department Rule 21-4 supports its argument that the Planning Director lacks authority to order relocation of the trail. Inasmuch as the parties had multiple opportunities to address the County authority issue, through the various briefs submitted, Plaintiffs' belated discovery of this already existing Rule cannot serve as a basis for reconsideration. Even if the Court were to consider said Rule, its determination that the Planning Director had the authority to relocate the trail would remain unchanged.

---

management area and the waters from the shoreline to the seaward limit of the State's jurisdiction; or

(2) Has failed to perform any act or duty required to be performed under this chapter; or

(3) In exercising any duty required to be performed under this chapter, has not complied with the provisions of this chapter.

Haw. Rev. Stat. § 205A-6. Plaintiffs argue that the foregoing only provides for actions against an agency. The Court agrees. However, the Court is not persuaded that Ala Loop affords the remedy proffered by Plaintiffs: that they now have an independent right to seek judicial relief for Defendants' violations of the CZMA.

As demonstrated above, Plaintiffs have failed to offer a single basis to warrant reconsideration of the SJ Order.

<u>CONCLUSION</u>

Based on the foregoing, the Court HEREBY DENIES Plaintiffs' Motion for Reconsideration, filed August 2, 2010.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, August 31, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 08-00533 KSC; <u>GUNDERSON, ET AL. V. MAUNA KEA PROPERTIES, INC., ET AL.</u>;
ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION